**GROVE PRESS, INC., a New York Corporation, Plaintiff,**

v.

**Robert B. BLACKWELL et al., Defendants.**

**Civ. A. No. 33369.**

United States District Court
E. D. Michigan, S. D.

Dec. 22, 1969.

Levin, Levin, Garvett & Dill, Detroit, Mich., for plaintiff.

Booker T. Williams, Ypsilanti, Mich., for William Delhey.

Miles, Mika, Meyers, Beckett & Jones, Grand Rapids, Mich., for C. H. Sonneveldt.

Thomas D. Ready, Monroe, Mich., in pro. per.

### MEMORANDUM OPINION AND ORDER

KEITH, District Judge.

### FACTS

Plaintiff, Grove Press, Inc., initiated this action originally against Robert B. Blackwell, Mayor of the City of Highland Park, and George W. Moore, Attorney for the City of Highland Park, on August 27, 1969. The original complaint based jurisdiction in this Court by reason of the diversity of citizenship of the parties, 28 U.S.C. § 1332, and the existence of a federal question, 28 U.S.C. § 1331. Jurisdiction was also invoked under the First and Fourteenth Amendments to the United States Constitution, and the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983, and 28 U.S.C. § 1343. The action sought temporary relief by way of restraining order and preliminary and permanent injunction against defendants and also sought a declaratory judgment under Title 28 U.S.C. §§ 2201 and 2202.

Plaintiffs supported their petition for issuance of a temporary restraining order against defendants on the grounds that defendants sought to enforce a local ordinance of the City of Highland Park, namely Ordinance 687, which ordinance plaintiffs asserted was unconstitutional. That position was most explicitly expressed in paragraph 10 of plaintiff's original complaint wherein it is stated:

"Despite the fact that Michigan Law permits a prompt determination of alleged obscenity in an adversary proceeding, C.L.1948 § 600.2938, M.S.A. § 27A.2938, defendants are threatening to invoke criminal penalties under ordinance 687 and other provisions of law * * *." (Plaintiff's original Complaint paragraph 10)

In accord with its position that said ordinance was unconstitutional, plaintiff in the original complaint prayed for entrance of the following:

"1. That a declaratory judgment issue declaring Ordinance No. 687, in Section 11 thereof, unconstitutional on its face and as applied by defendants herein.

"2. That a temporary restraining order and preliminary and permanent injunctions issue restraining and enjoining defendants, their agents, servants, representatives and successors in office:

(a) From enforcement of Section 11 of Ordinance No. 687;

(b) From interfering with the distribution and exhibition of the film 'I am Curious-Yellow' at the Six Mile Uptown Theatre until final determination of this cause;

(c) From threatening seizure of the film or criminal prosecution of plaintiff, the exhibitor or any agent or employee thereof for exhibiting said film to the public;

(d) From preventing plaintiff from exercising the rights, privileges and immunities guaranteed it by the Constitution and Laws of the United States.

"3. That the Court find, declare and determine that the film 'I am Curious-Yellow' is not obscene under applicable constitutional standards.

"4. That the Court grant such further relief which may be deemed appropriate."

As a result of this above quoted Complaint and affidavits of plaintiff, Chief Judge Ralph M. Freeman, on August 28, 1969, issued a temporary restraining order which read in part:

"It is hereby ORDERED that defendants, Robert B. Blackwell and George W. Moore and each of them, their agents, servants, representatives and successors be temporarily restrained until further hearing herein,

(a) From enforcement of § 11 of Ordinance No. 687 of the Ordinances of the City of Highland Park;

(b) From interfering with the distribution and exhibition of the film 'I am Curious Yellow' at the 6 Mile Uptown Theater, Highland Park, Michigan, under any municipal ordinance;

(c) From seizing the film or threatening criminal prosecution of plaintiff, the exhibitor or any agent or employee thereof, for exhibiting such film to the public, under any municipal ordinance.

This order shall expire ten (10) days from the date hereof unless defendants consent to an extension thereof."

On September 5, 1969, a hearing was held in the matter after which this Court made certain conclusions of law regarding the local ordinance of the City of Highland Park. It was the opinion of the Court that the Ordinance No. 687 of the City of Highland Park did not meet necessary constitutional standards and was unenforceable. It was the order of the Court on September 5, 1969, that defendants, Robert B. Blackwell and George W. Moore, be enjoined from any enforcement of § 11 of Ordinance No. 687 of the City of High-

land Park, and be enjoined from any interference with the distribution and exhibition of the film "I am Curious-Yellow" by virtue of said municipal ordinance, or from seizing the film or threatening criminal prosecution of the plaintiff based on that municipal ordinance.

The order entered by the Court contained no injunction as to enforcement of the Michigan Statute, C.L.S.1961, § 600.2938 (M.S.A. § 27A.2938), which would allow for some type of declaratory judgment regarding the obscenity of the film, as that statute was not challenged on constitutional grounds by plaintiff and as it was publicly announced by the Prosecuting Attorney for the County of Wayne, in which the City of Highland Park is located, that no enforcement of the Michigan Statute was contemplated. Therefore, there appeared to this Court to be no threat regarding the enforcement of a state statute, and the Court deemed it inappropriate to make any decision regarding issues not before it. Consequently, the order of September 5, 1969, addressed itself solely to the failure of Highland Park's Local Ordinance No. 687 to meet constitutional standards and the injunction against enforcement of that statute. At the same time though not specifically stated in the order of the Court of September 5, 1969, the Court viewed as unnecessary any entry of a declaratory judgment regarding the obscenity of the film, pursuant to the Federal Statute allowing such declaratory judgment, i. e. 28 U.S.C. § 2201, 2202; having declared the Local Ordinance of Highland Park unconstitutional and as there existed no challenge by plaintiff to the Michigan Statute, C.L.S.1961, § 600.2938 the necessary criteria allowing declaratory judgment did not exist. The Court felt, at the close of the hearing of September 5, 1969, that no declaratory judgment regarding the obscenity or non-obscenity of the film was warranted, nor, indeed, would the issuance of one at that time have been proper. (This position is similar to that adopted by the District

Court in Grove Press v. City of Philadelphia (1969) 300 F.Supp. 281, wherein the Court refused to issue a declaratory judgment regarding obscenity of the film.) It was the Court's understanding that the film continued to be exhibited in the City of Highland Park without interruption.

Subsequently, on October 21, 1969, plaintiff, Grove Press, Inc., amended its complaint for injunctive relief and declaratory judgment this time renaming Robert B. Blackwell, Mayor of the City of Highland Park, George W. Moore, Attorney for the City of Highland Park, and naming also William Delhey, Prosecuting Attorney for Washtenaw County, C. H. Sonneveldt, Mayor of the City of Grand Rapids, Steven L. Dykema, Attorney for the City of Grand Rapids, Thomas B. Ready, Attorney for the City of Monroe, Vincent W. Nash, Attorney for the City of Saginaw, and Cyrus M. Poppen, Attorney for the City of Muskegon, as defendants in this matter. Jurisdiction for this Amended Complaint is once again based upon the diversity of citizenship of the parties, 28 U.S.C. § 1332, as well as the existence of a federal question, 28 U.S.C. § 1331. Jurisdiction is likewise invoked under the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1981 and 1983, and 28 U.S.C. § 1343. In addition to the other relief requested, plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and 2202, that the film is not obscene but rather is an artistic expression protected, by the First Amendment, from government interference. The action seeks a temporary restraining order and preliminary and permanent injunction to restrain the named defendants and their agents, representatives, employees, assigns and successors from obstructing, hindering, or otherwise interfering with the right of plaintiff to distribute and exhibit the motion picture, "I am Curious-Yellow".

The position of plaintiff in the Amended Complaint is that the film is not obscene and that defendants may not

lawfully interfere with its exhibitions by reason of any Ordinances of the Cities of Highland Park, Ann Arbor or Grand Rapids or by reason of any Statute of the State of Michigan. It is asserted that plaintiff has entered into preliminary arrangements for exhibition of that film at theaters in Ann Arbor, Monroe, Saginaw, Muskegon, Lansing, Flint, and other Michigan cities.

The Amended Complaint mentions a Grand Rapids City Ordinance, Chapter 107, § 7.372, making it unlawful for any person knowingly to exhibit a motion picture to the public which is "obscene" as is defined in § 9.151; plaintiff also makes reference to a Michigan Criminal Statute, C.L.S.1961, § 750.343a (M.S.A. § 28.575(1)) which plaintiff asserts is unconstitutionally vague, imprecise and invalid upon its face, being inconsistent with authoritative decisions of the United States Supreme Court. The complaint does not assert that there has been or that there are any threats of eventual enforcement of this local ordinance by Grand Rapids but, it is asserted that defendant officials of the City of Grand Rapids have "threatened to institute criminal prosecutions of persons exhibiting such film under Act 328, P.A. 1931 as amended, M.C.L. § 750.343a M.S.A. 28.575." (Amended Complaint paragraph 13). Most important, the complaint makes no assertion that the Michigan Statute testing the obscenity of any such item, namely C.L.S.1961, § 600.2938 (M.S.A. § 27A.2938) is unconstitutional on its face or in its enforcement.

In regard to William Delhey, Prosecuting Attorney of Washtenaw County, named a defendant herein, the plaintiff states in the Amended Complaint that said attorney has "repeatedly invoked the Antiobscenity Statute of Michigan against films having sexual incidents * * *". (Plaintiff's Amended Complaint paragraph 14). Plaintiff goes on to assert that "the attitude of said defendant has contributed to a pall of anxiety and apprehension among film exhibitors, and plaintiff has accordingly been unable to complete final arrangements for exhibition" of his film.

Finally, the Amended Complaint states that "plaintiff is informed and believes the fact to be that defendants have conferred among themselves and with other prosecuting officials in various areas of this state, have sought to persuade Wayne County Prosecutor, William Cahalan, to reverse his public position" that he would not, in Wayne County, enforce the provisions of the Michigan Statute, and the complaint enumerates other such fears on the part of plaintiff. (Amended Complaint paragraph 16). It is plaintiff's position that "such efforts, unless restrained, will prevent plaintiff from enjoying its property rights in such film and from freely entering into contracts for its exhibition." (Paragraph 16). It is reference to this type of activity on the part of defendants, namely the existence of "a pall of anxiety" or the fear of past experience with said defendants, upon which plaintiff relies in seeking injunction to enjoin defendants from continued harassment in violation of its rights. The Amended Complaint, though naming and describing the positions of defendants Nash, Ready and Poppen, provides no specific facts regarding the exact conduct of these defendants.

The defendants, Dykema, Sonneveldt, Ready, Poppen and Nash have submitted sworn affidavits contradicting plaintiff's unsworn complaint, which affidavits support each defendant's opposition to the entry of any preliminary injunction or the issuance of any declaratory judgment by this Court. Because of the importance of the nature of this case, the Court takes this opportunity to set forth some of the responses made by way of sworn affidavits by the defendants, in reply to the plaintiff's unsworn complaint in this matter.

The City of Grand Rapids, who most vehemently opposes any interference by this Court in matters between themselves and Grove Press, Inc., submit, through their City Attorney, Steven L. Dykema, an affidavit which sets forth

the following facts, in support of that City's Motion to Dismiss this complaint:

"That he [Steven L. Dykema] has not conferred with defendant Robert B. Blackwell or any of the named defendants in the above-captioned matter with respect to the public exhibition of the motion-picture film, 'I am Curious-Yellow', except as hereinafter stated. Deponent has consulted with defendant Sonneveldt with respect to the exhibition of the film in the City of Grand Rapids. The only discussions that have transpired between defendant Moore and members of deponent's staff related to securing information as to the nature of, and status of, the above-captioned matter and a casual discussion at a social luncheon between defendant Moore and your deponent as to the status of our respective cases concerning the film in question.

That he [Steven L. Dykema], along with defendant C. H. Sonneveldt, filed a sworn complaint in the Circuit Court for the County of Kent, Michigan, on September 29, 1969, making the Robert Emmett Goodrich Corp., a defendant, seeking a determination that the motion-picture film, 'I am Curious-Yellow' is obscene, and in violation of Act No. 236 of the Michigan Public Acts of 1961, being M.S.A. 27A2938, and seeking also to restrain the showing of same.

Defendant Dykema has not threatened to institute criminal prosecutions of persons exhibiting said film, under Act 328, P.A.1931 (M.S.A. 28.575 (1)), nor does he have the power to do so.

Defendant Dykema has not taken, nor has he considered taking, any action under Chapter 107 of the Grand Rapids City Code or any obscenity ordinance of the City of Grand Rapids, or any statute of the State of Michigan, other than Act 236 of the Michigan Public Acts of 1961, being M.S.A. 27A2938, with respect to the public exhibition of the film, 'I am Curious-Yellow' in the City of Grand Rapids,

and the only action taken by said defendant Dykema in this respect is the filing of a complaint in the Circuit Court for the County of Kent, as set forth in paragraph 4 above.

Further, deponent sayeth not." (Filed October 27, 1969).

Also accompanying the Motion to Dismiss brought by the City of Grand Rapids, was a similar affidavit under oath provided by C. H. Sonneveldt, Mayor of the City of Grand Rapids, which states:

"That the City of Grand Rapids has a Commission-Manager form of government under which the City Manager directs and controls the activities of all members of the Grand Rapids Police Department, and that the Mayor does not direct or control the activities of members of the Grand Rapids Police Department.

That he has not conferred with defendant Robert B. Blackwell or defendant George W. Moore, with respect to the motion-picture film, 'I am Curious-Yellow'.

That he, along with defendant Steven L. Dykema, filed a sworn complaint in the Circuit Court for the County of Kent, Michigan, on September 29, 1969, making the Robert Emmett Goodrich Corp., a defendant, seeking a determination that the motion-picture film, 'I am Curious-Yellow' is obscene, in violation of Act No. 236 of the Michigan Public Acts of 1961, being M.S.A. 27A.2938 and seeking also to restrain the showing of the same.

Defendant Sonneveldt has not threatened to institute criminal prosecutions against persons exhibiting said film, under Act 328, Public Act 1931 (M.S.A. 28.575(1)), nor does he have power to do so.

Defendant Sonneveldt has not conferred with any other public official or prosecuting official, other than officials of the City of Grand Rapids, with respect to the public exhibition of the film, 'I am Curious-Yellow'.

Defendant Sonneveldt has not taken, nor has he considered taking, any action under Chapter 107 of the Grand Rapids City Code, or any obscenity ordinance of the City of Grand Rapids, with respect to the public exhibition of the film, 'I am Curious-Yellow' in the City of Grand Rapids, and the only action taken by said defendant Sonneveldt in this respect is the filing of the complaint in the Circuit Court for the County of Kent, as set forth in paragraph 4 above.

Further deponent sayeth not." (Filed October 27, 1969).

The affidavits state affirmatively, under oath, that these officials of Grand Rapids have not initiated any action against the film under any local ordinance or any criminal statute of the State of Michigan (which criminal statute C.L.S.1948 § 750.343a, plaintiff's complaint asserts is unconstitutional). It is clearly the position of the defendant officials of the City of Grand Rapids, based on the facts as presented in the sworn affidavits, that the plaintiff in this matter has not shown to the Court any real, actual threat or case of controversy between plaintiff and the named defendants, and consequently this Court cannot issue a preliminary injunction, restraining order, or permanent injunction, nor can this Court issue what would be in effect an advisory opinion by reliance on the declaratory judgment statutes of the federal system. The defendants representing the City of Grand Rapids argue that it would be a violation of the principles of comity between state and federal courts if this Court were to interfere in the state action begun September 29, 1969 which implements the Michigan Declaratory Judgment Statute (C.L.S. § 600.2938) which statute is not challenged by plaintiff as unconstitutional in this Amended Complaint. (This statute has been upheld by the Michigan Court of Appeals in Dykema, Grand Rapids City Attorney v. Bloss (1969) 17 Mich.App. 318, 169 N.W.2d 367, and, analogously though indirectly, by the United States Supreme Court in the case of Kingsley Books, Inc. v. Brown (1957) 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469.) Defendants point out that inasmuch as plaintiff has not challenged the constitutionality of the only statute under which a complaint against the film has been brought in state court, there is no real case in controversy to support this action and consequently the issuance of a declaratory judgment by a federal court in this regard would be inappropriate. Defendants further point out that if plaintiff succeeds in accomplishing that which he seeks through this litigation, such success would open the flood gates to a perfect mechanism to control the importation of any film, book or magazine into the state, by seeking a Federal District Court's advisory ruling as to the obscenity of the item sought to be introduced into the state. This would, defendants claim, place the Federal District Court in a position of becoming a censor board for the State of Michigan. As defendants of Grand Rapids are not seeking to enforce any state criminal statute as to the film "I am Curious-Yellow" and as they are not seeking to enforce any local ordinance of the City of Grand Rapids, be it constitutional or unconstitutional, the defendants on behalf of the City of Grand Rapids ask that this matter be dismissed as to them and that they be allowed to proceed with their action in state court brought under the Michigan Statute allowing a declaratory judgment (C.L.S. § 600.2938) and to decide the issues of obscenity of this film. It is noted that there has been no contention on the part of plaintiff in this matter that the Michigan Statute sought to be enforced by the City of Grand Rapids (C.L.S.1961 § 600.2938) is, though constitutional in its dictates, unconstitutionally enforced. The defendants argue therefore that plaintiff has an appropriate and just forum in which to try the matter of obscenity of the film.

The City Attorney for the City of Muskegon, Cyrus M. Poppen, has also brought forward a Motion for Summary Judgment of Dismissal which is sup-

ported by an affidavit by Mr. Poppen. That affidavit states in part:

"That contrary to the allegations contained in said Amended Complaint, he has no knowledge of the nature or content of the movie, 'I Am Curious-Yellow' and he has never personally discussed this matter with employees of the City Commission or agents of the City of Muskegon and he is informed and believes that the aforesaid movie has not been discussed either formally or informally by the members of the City Commission of the City of Muskegon.

That, at this time, no action is either pending or contemplated by him as City Attorney for the City of Muskegon against said movie, nor has he been directed by the City Commission to investigate or pursue any possible legal action against said movie on behalf of the City of Muskegon.

That his first and only contact with said movie was upon his receipt of the Amended Complaint on October 22, 1969, and that he is informed and believes that no advertising whatsoever has been disseminated in the City of Muskegon concerning said movie, and he is further informed and believes that none of the movie theaters in the City of Muskegon have, at this time, contracted for the showing of said movie.

That any action concerning said movie is entirely premature as of this date by reason of the fact there is no present factual dispute concerning said movie with regard to the City of Muskegon or to this deponent and that this declaratory judgment is, at present, entirely contingent on the happening of hypothetical future events and that plaintiff's position is not presently threatened by any action of this defendant and further, that since there is not currently any issue ripe for adjudication by and between the plaintiffs and this deponent or the City of Muskegon, that this action should be dismissed as to the defendant, CYRUS M. POPPEN.

That, contrary to the allegations contained in the complaint in this cause, this deponent has had no discussion or information from any other representatives of municipal corporations in the State of Michigan concerning the movie 'I Am Curious-Yellow'.

That this deponent has not viewed the aforesaid movie and has made no determination whatsoever as to whether or not the aforesaid movie is obscene or that it violates those constitutional standards laid down to test allegedly obscene material and further that it is not his present intention to seek a view of this movie for the purposes hereinafter specified." (Filed October 27, 1969).

In view of the above affidavit accompanying defendant, Cyrus M. Poppen's, Motion to Dismiss and Answer to Amended Complaint, it is the apparent position of the City of Muskegon that there is in existence no threat or controversy with the City of Muskegon regarding the plaintiff's film "I am Curious-Yellow" and therefore, no issuance of a preliminary or permanent injunction or of a declaratory judgment is in order at this time.

The defendant City Attorney for the City of Monroe, Thomas D. Ready, also seeks a dismissal of this action as against himself or the City of Monroe and states by way of sworn affidavit:

"That he has not seen the film in question; has had no complaints from Monroe citizens regarding the film, and has made no threats of prosecution regarding the film.

That he has given no public statements or opinions as to how he would consider or treat the film in the event that he were required to express an opinion as to legality or illegality of a public showing of the film.

That prior to institution of the above captioned case he had not discussed the film at all with any defendant." (Filed October 29, 1969).

In an additional affidavit, Mr. Ready has stated under oath:

"That to date he has received no complaints concerning the possibility of the showing of the film in question in this case in the City of Monroe.

That he has no preconceived ideas nor planned course of action or inaction concerning said film." (Filed November 26, 1969).

It is merely the position of the City Attorney for the City of Monroe, Thomas D. Ready, that he had had no contacts with the plaintiffs in any regard in this case and consequently that it would be inappropriate to issue any preliminary injunction, permanent injunction, restraining order or declaratory judgment binding on the City of Monroe as such City has had no contacts nor taken any action regarding plaintiff's film.

The City Attorney for the City of Saginaw, W. Vincent Nash, has also brought a Motion to Dismiss this action on behalf of himself and the City of Saginaw, and by way of sworn affidavit has stated:

"That as City Attorney for the City of Saginaw his duties do not include the enforcement of policies or of state laws.

That he has not given any public indication or expressed any opinion as to how he would consider or treat 'I am Curious-Yellow' in the event that he were required to express an opinion as to legality or illegality of a public exhibition of said motion picture.

That he has not discussed 'I am Curious-Yellow' or its possible exhibition with any of the defendants in the above entitled cause or with any other prosecuting official or law enforcement official in the State of Michigan, including the Attorney General." (Filed October 24, 1969).

It is simply the position of the City Attorney for the City of Saginaw that the Amended Complaint brought by plaintiff fails to set forth factual allegations sufficient to sustain declaratory relief or injunctive relief as against the City of Saginaw, or the City Attorney for the City of Saginaw, W. Vincent Nash.

The County of Washtenaw, William Delhey, Prosecuting Attorney, has filed no written response to the plaintiff's Amended Complaint but has stated, through its representative, on oral argument, that plaintiff has chosen to sue the prosecuting attorney for the County of Washtenaw, and that the only power which such prosecutor has would be enforcement of the state's statute allowing declaratory judgment, namely C.L.S. 1961, § 600.2938 (M.S.A. 27A2938); inasmuch as plaintiff makes no attack as to the constitutionality of said statute or as to unconstitutional enforcement of said statute, there are no grounds for suit against the prosecutor for the County of Washtenaw.

The City of Highland Park and its Mayor Robert B. Blackwell and City Attorney George W. Moore merely reiterate their earlier position that in view of the injunction against enforcement of Local Ordinance 687 and inasmuch as the Prosecuting Attorney for the County of Wayne had publicly announced an intention not to enforce the Michigan State Statute regarding obscenity, no further relief is available to plaintiff especially since the film is presently being exhibited without obstruction in the City of Highland Park.

In response to the affidavits and positions of the various defendants in this matter, plaintiff has, subsequent to the oral argument in this matter, submitted three affidavits which attempt to show the threat and consequently the case of actual controversy existing between plaintiff and defendants in this matter. These affidavits were submitted by one Jesse Chinich, Sales Manager of the Theatrical Film Division of Grove Press, New York, New York, and by Robert Emmett Goodrich, President of the Robert Emmett Corporation which is engaged in the public exhibition of motion pictures, and by attorney for the plaintiff in Michigan, Irwin B. Ellmann. These affidavits are lengthy and will not be set forth herein in total. It is merely of interest to note that that affidavit submitted, under oath, by Mr. Chinich, relies for its state-

ments on information which has been furnished Grove Press through various exhibitors in differing cities or through some person not named as defendant to this action. In that regard, any statement by Mr. Chinich seems to be based solely on hearsay as to what others have advised that the defendants would do, rather than on comments made to him directly by the defendants themselves. The weight attaching to this affidavit, therefore, diminishes by virtue of said hearsay information. The affidavit of plaintiff's attorney, Irwin B. Ellmann, sets forth those facts which have gone before as relate to the original complaint against the City of Highland Park and then reiterates the information regarding the initiation of litigation pursuant to C.L.S.1961, § 600.2938 in Grand Rapids alone and coincides with the information provided by Mr. Dykema and Mr. Sonneveldt in that regard. The affidavit does not appear to deal with any defendants other than those involved with the Grand Rapids case. The affidavit of Robert Emmett Goodrich reads as follows:

"1. This affidavit is filed in opposition to the motion for summary judgment of dismissal filed by Cyrus M. Poppen, City Attorney for the City of Muskegon, motions to dismiss filed on behalf of W. Vincent Nash, City Attorney for the City of Saginaw, and C. H. Sonneveldt and Steven L. Dykema, Mayor and City Attorney for the City of Grand Rapids, oral motions to dismiss filed in behalf of William Delhey, Prosecuting Attorney for Washtenaw County, Thomas D. Ready, Attorney for the City of Monroe, and in support of plaintiff's petition for preliminary injunction. The facts set forth herein are true to my own knowledge. I am competent to testify if called as a witness to the matters stated herein.

"2. I am President of the Robert Emmett Corp., a Michigan Corporation, which is engaged in the public exhibition of motion pictures. *. * *

"6. Following entry of the order of this Court on September 5, 1969, a formal contract was signed by me with plaintiff for exhibition of the film in Grand Rapids beginning October 8, 1969 and with the understanding that thereafter additional locations would be obtained by me for exhibition in other cities. Pursuant to such plans, thereafter I posted a film guaranty to plaintiff in the amount of $5,000 and and I made arrangements for additional advertising of the film in anticipation of its exhibition at a cost in excess of $1,000. Since I regularly employed at my theater some persons who were less than the age of 18, I made arrangements to replace them during the period of exhibition of the film with employees who were all over the age of 18, pursuant to terms of the contract which I had signed with plaintiff. An advertisement, in form supplied by Grove Press, appeared in the Interpreter, a Grand Rapids newspaper, on September 17, 1969. A copy of this advertisement has previously been filed with the Court as an exhibit to the affidavit of Wendell A. Miles, attorney for the Mayor and City Attorney of Grand Rapids.

"7. At the suggestion of Mr. Miles I requested the attorney for Grove Press, Inc. to notify the City Attorney of Grand Rapids and the Prosecuting Attorney of Kent County of my intention to exhibit the film and to enlist the cooperation of those officials to permit public exhibition without interference, sensationalism or harassment. At my request Mr. Ellmann directed a letter, under date of September 23, 1969, to Messrs. Dykema and Miller, a copy of which is also before the Court as an exhibit to the affidavit of Mr. Miles. So far as I am aware, no reply to such letter was made out.

"8. On or about September 29, 1969 I was served with legal process in Kent County Circuit Court, Case No. 9547, returnable before Honorable Roman L. Snow, the former law partner of Mr. Miles.

"9. On the evening of September 29th, on the 11:00 P.M. news, over a Grand Rapids television station, I personally observed Mayor Sonneveldt in a news broadcast in which he stated that the film 'Curious' would never open in Grand Rapids. I have been informed that he likewise appeared and made a statement to similar effect on the 6:00 P.M. news on the same day. I am informed that a film clip of Mayor Sonneveldt's television appearance is in existence and can be made available to this Court.

"10. I have read the sworn complaint of Mayor Sonneveldt and City Attorney Dykema in the Kent County case, previously submitted to this Court, in which it is claimed that the film 'I Am Curious-Yellow' 'constitutes obscenity' and that the same is 'obscene' and that I should be 'permanently enjoined from exhibiting the same.' I understand such sworn complaint to mean that Mayor Sonneveldt and the City Attorney seek to prevent the exhibition of plaintiff's film in Grand Rapids.

"11. Beginning in August 1969 I undertook negotiations for rental of the Michigan Theatre in Saginaw with the agent for the owners of the property, Mr. Bernard Topham of Topham Realty Company, who I understood to have an interest with Mr. Marvin Brandle, in this theatre. I entered into an understanding with Mr. Topham that I would rent the theatre for the purpose of exhibiting 'I Am Curious-Yellow' just as soon as I could complete arrangements with plaintiff for exhibition in that community. In a telephone conversation on October 14, 1969 I spoke to Mr. W. Vincent Nash, City Attorney in Saginaw, Michigan, and informed him that I was preparing to exhibit this film at the Michigan Theatre. Mr. Nash told me that he regarded the film as a 'stinking picture,' a 'waste of money,' and that the Censorship Advisory Board of the City of Saginaw would 'probably suggest that the City Attorney should enjoin the showing of "Curious".' Mr. Nash rejected my offer to view the film and gave me clearly to understand that he would do whatever might be necessary to prevent its public exhibition. I thereupon informed attorneys for plaintiff that I anticipated difficulties in exhibiting the film, scheduled for November showing in Saginaw.

"12. Since the middle of September, in association with another theatre exhibitor, Martin Zide of Detroit, I have sought to negotiate a lease for the Majestic Theatre in Monroe, Michigan which is owned by Mrs. Veronica Roth of Detroit and Mr. Benny Berger of Miami, Florida. There (sic) owners are presently willing to rent this theatre and we will do so as soon as we can be assured that the film 'I am Curious-Yellow' can open without hindrance. On or about October 14, 1969 I called Mr. Thomas D. Ready, City Attorney of Monroe; I reached his law partner, Mr. William J. Braunlich, who referred me to Mr. Ready. When I reached him he explained that 'Monroe is a very conservative city' and that he 'would probably be pressured into prosecuting to block a showing' of the film 'I am Curious-Yellow.' Mr. Ready stated that the City of Monroe had an anti-obscenity ordinance which had not been declared unconstitutional and that he would probably utilize it to prevent showing of the picture, at least until such time as the ordinance was invalidated. I thereafter wrote to Mr. Ready confirming my understanding of his remarks and he in no way repudiated them. I understood that if I sought to exhibit the film in Monroe, he would take steps to prevent it and I so informed counsel for Grove Press, Inc.

"13. In association with Mr. Martin Zide, I also entered into negotiations for lease of the Regent Theatre in Muskegon, Michigan. At the suggestion of Mr. Zide I called the City Attorney of Monroe, Mr. Cyrus M. Poppen. Mr. Poppen informed me that both he and the Muskegon community

were 'conservative' and that in this light 'my instincts say that the film "I am Curious-Yellow" will not be allowed to be shown in Muskegon especially if its exhibition has been challenged elsewhere in Michigan.' I told him that the film had already been challenged by the City of Grand Rapids; Mr. Poppen then indicated to me that he would take all necessary steps, civil or criminal, to prevent showing of the film in Muskegon and I so informed counsel for plaintiff.

"14. I have also had discussions with theatre owners in Lansing and Flint looking to the possible exhibition of the film in those communities, but it is now well publicized in the motion picture industry that each community intends to force Grove Press to litigate the issue of the 'obscenity' of the film through the courts, to discourage exhibition." (Filed November 6, 1969).

Based on these affidavits, plaintiff seeks to support its position that there exists in this litigation a real case and controversy, a real threat to plaintiff allowing for the issuance of a temporary or permanent restraining order as well as for a declaratory judgment regarding the obscenity of the film.

This Court is fully aware that at the outset of this action, which was originally brought solely against the City of Highland Park, its Mayor and its City Attorney, the jurisdiction of the Court was properly invoked as the constitutionality of a local ordinance was put at issue. However, since the order of that Court declared the ordinance to be lacking as to Constitutional Standards and enjoined its enforcement, and inasmuch as there was no threat of enforcement of the Michigan Statutes within the County, the issues were properly disposed of upon the issuance of the order on September 5, 1969. Neither the Amended Complaint nor the affidavits submitted by plaintiff have affirmatively established that there has been or will be any enforcement of any local ordinances or Michigan Criminal Statute which plaintiff's Complaint challenges on constitutional grounds.

Plaintiff offered no challenge to the only Michigan Statute implemented thus far namely C.L.S.1961 § 600.2938, nor has plaintiff questioned the propriety of the restraining provisions of that statute.

## OPINION

 Plaintiff has, since the inception of this action, adhered to and strongly urged the position that the decision of the 2nd Circuit Court of Appeals in United States v. A Motion Picture Film entitled "I am Curious-Yellow" (C.A. 2, 1968) 404 F.2d 196, addressed itself to the issue of constitutional law and, through application of the current federal constitutional standards, determined that the film was not obscene; consequently, plaintiff contends that, as that decision was *in rem*, it binds the nation. Plaintiff argues that the decision of the 2nd Circuit Court of Appeals constitutes an authoritative holding that the film is protected by the First Amendment of the United States Constitution and accordingly, state policies must yield to what is an overriding determination of federal law regardless of the competency of state courts to determine matters of state law. It is plaintiff's position that, having gained constitutional protection in the 2nd Circuit Court of Appeals, the "privileges and immunities" and "equal protection" clauses of our Constitution demand that all citizens be provided the right to view the film, which right has been "guaranteed" the citizens residing in the jurisdiction of the 2nd Circuit by the decision of the Court of Appeals. Plaintiff suggests by this position that the 2nd Circuit unquestionably, properly applied the "national standard" of which the Supreme Court speaks in many of its opinions. See Pennekamp v. Florida (1946) 328 U.S. 331, 66 S.Ct. 1029, 90 L.Ed. 1295; Manual Enterprises Inc. v. Day (1962) 370 U.S. 478, 82 S.Ct. 1432, 8 L.Ed.2d 639; Jacobellis v. Ohio (1963) 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793. In view of this Determination, plaintiff contends that there need be, in fact that there can be no further adjudication of the issue of the film's obscen-

ity, and that the film stands "authoratatively determined to be protected by the First Amendment." (See plaintiff's Memorandum for Grove Press of October 27, 1969). It is of course with this belief that plaintiff proceeds to demand that defendants be enjoined from continuous harassment of a film which has been declared protected by the First Amendment, as such harassment constitutes a violation of plaintiff's Civil Rights.

If plaintiff's position were correct, along with the unspoken but inseparable implication that the State Courts of Michigan cannot or will not constitutionally apply the "national standard" so as to arrive at a proper decision on the matter, it would then follow that any interference with the exhibition of the film would be a violation of plaintiff's Civil Rights. However, this Court rejects plaintiff's position in this regard as it believes and holds that the opinion of the 2nd Circuit Court of Appeals binds only those Courts within that Circuit. Whether or not the 2nd Circuit properly applied the national standard is a decision solely for the United States Supreme Court. As District Judge Masterson said in footnote 5 of his Opinion in City of Philadelphia v. 19th and Chestnut Street Corporation (1969) 300 F.Supp. 281, 290

> "Defendants urged that the constitutional right which was violated by the City's proceedings was their right to equal protection of the law since 'I am Curious-Yellow' had been held to be constitutionally protected by the Court of Appeals for the Second Circuit. Since that holding would insure the exhibition of the film in all areas encompassed by the Second Circuit, the defendants contended that they would be deprived of equal protection of the law were this Court to fail to give res judicata effect to the Second Circuit decision.
> The doctrine of res judicata is inapplicable to this case primarily because application of the doctrine would involve this Court in impeding the proper exercise by at least one independent

sovereignty of its power to prohibit the exhibition of allegedly obscene material within its jurisdiction. The defendants have cited no case in support of their proposition that a prior federal holding regarding the obscenity of a movie precludes subsequent state proceedings against that film when the state is not within the jurisdiction of the federal court."

Indeed, in the case of Grove Press, Inc. v. State of Kansas, 304 F.Supp. 383 (1969) a three judge panel of the Federal District Court sitting in judgment of a Kansas State Statute, the implementation of which resulted in a State Court decision that the film was obscene, merely upheld the statute as constitutional and refused to review the State Court's decision on the obscenity issue. The panel said that:

> " * * * for this Court to consider the issue of the obscenity of 'I am Curious-(Yellow)' would be to promote judicial inefficiency and to disregard normal recognition of comity between state and federal courts." P. 392.

That panel did not seem convinced that they were bound by any holding of another Circuit Court of Appeals. In addition, the Maryland Court of Appeals seemed unconcerned by any "binding opinion" set down by the 2nd Circuit as is evidenced by its recent opinion in Wagonheim v. Maryland State Board of Censors, 255 Md. 297, 258 A.2d 240 (Reported October 22, 1969).

This Court rejects plaintiff's theory that it or any Court of the State of Michigan is bound by the decision of the 2nd Cir.Ct. of Appeals in the case involving "I am Curious-Yellow". In Moore's Federal Practice, Volume 1(a), it is stated:

> "Admittedly the decisions of the Courts of one system are not binding upon the Courts of another system, except insofar as the Constitution compels obedience, as it does to the decisions of the United States Supreme Court on federal matters, and except as to the extent that *Erie-Tompkins* requires the Federal Courts to follow state law in nonfederal matters. Thus,

while the decisions of one state may be persuasive in another state, they are not binding precedent in the latter. But even in the same Court system, as in the federal, a decision is not binding upon a Court of equal rank, nor indeed upon a Court of lower rank, unless the latter owes obedience to the higher Court. The duty of obedience, rather than rank, is the key period. Thus a decision of one District Court is not binding upon a different District Court. And while a District Court must follow a decision of its own Court of Appeals, unless there is an overriding Supreme Court decision, it is not bound to follow a decision of a Court of Appeals of another circuit. And it is common knowledge that the decisions of the Court of Appeals for one circuit are not binding upon the Court of Appeals for other circuits, but instead the possibility of conflict if anticipated and made a ground for certiorari." Pp. 4059–60.

 In view of this, defendants are not, by their mere refusal to be bound by a decision of the 2nd Circuit, in violation of plaintiff's Civil Rights or rights guaranteed by the First and Fourteenth Amendments to the United States Constitution, nor are plaintiff's rights violated by the mere making of preparations to litigate anew the question of the obscenity of the film, if such is done within a constitutional framework. There has been no challenge by plaintiff to the constitutionality of the Michigan Statute sought to be enforced by the City Official of Grand Rapids, namely C.L.S. 1961, § 600.2938 (M.S.A. 27A.2938), nor any assertions that said statute has been or will be unconstitutionally enforced. In light of this, it can only be assumed that the state court and officials of the City of Grand Rapids will throughout the pending state litigation observe those constitutional limitations as have been set forth by the United States Supreme Court enunciating the federal standards regarding obscenity. For this Court at this juncture to assume otherwise would

be an invalid interference with the activities of the State of Michigan. See Dombrowski v. Pfister (1964) 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22; Cameron v. Johnson (1967) 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182. Unlike the situation presented in the case of Karalexis, et al. v. Byrne, 306 F.Supp. 1363 (Massachusetts District Court, opinion rendered November 28, 1969), wherein the Federal Court three judge panel enjoined the state from any interference from the exhibition of the film by virtue of an implementation of a state statute the constitutionality of which was in litigation in state court, Plaintiff here has provided no challenge to the constitutionality of the Michigan Statute, nor to that portion of the statute which allows the state courts to enjoin distribution of any item whose obscenity is at issue.

With no challenge to the Michigan Statute, C.L.S. 1961 § 600.2938 which has been implemented at this point, nor any challenge to the provisions of that statute which allow the State of Michigan to enjoin a questionable item, this Court does not find the case before it in the same posture as the case before the Massachusetts District Court and relief allowed by that Massachusetts District Court would be inappropriate in this matter. At the same time as the opinion of the 2nd Circuit is not binding on the courts of the State of Michigan, there is no determination within this jurisdiction that the film is constitutionally protected so as to make relitigation of the obscenity issue violative of plaintiff's rights. Consequently, this Court finds itself bound by the mandate of Title 28 U.S.C. § 2283 which prohibits a Federal District Court from enjoining proceedings in a state court (which were begun prior to defendants of Grand Rapids being brought into this action) except as expressly authorized by act of congress, or where necessary in aid of its jurisdiction or to protect or effectuate its judgments. Therefore, this Court will not enjoin the state proceedings instituted pursuant to C.L.S. 1961, § 600.2938 (M.S.A. 27A.2938) which statute has not

been challenged in any fashion by plaintiff.

Except for the possible implementation of the abovementioned Michigan Statute, this Court has difficulty understanding what, in addition, it is that plaintiff seeks to have enjoined. Each named defendant has notified the Court, either by way of sworn affidavit or on the record, that there has been no attempt to enforce any local ordinance or any Michigan Statute other than the one mentioned above. This Court is asked to assist in restraining a "pall of anxiety" or an "opinion" or a feeling that one in a position of public authority considers the film to be, in his personal view, offensive. Personal feelings, no matter who holds them, cannot be enjoined; until such time as there is an actual threat to plaintiff's rights, this Court is powerless to define what it is that defendants should be refrained from doing. Thus far in the course of conduct of all these named defendants, the Court has been incapable of detecting any violation of plaintiff's Civil Rights, any violation by defendants of the First and Fourteenth Amendments, or any attempt to enforce an ordinance or statute alleged by plaintiff to be unconstitutional. Unless and until such time as this plaintiff is injured or threatened to be injured in violation of his constitutional rights, which threat or injury is clear, precise and immediate in its enforcement, this Court is without authority to act by way of injunction. Unfortunately this Court cannot provide plaintiff with complete assurance that there will be no challenge to the film within any municipality or city of the State of Michigan. The Court, therefore, finds no conduct on the part of the named defendants warranting injunction at this time.

██ Finally, plaintiff has asked the Court for issuance of a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. In order for a Federal District Court to issue a declaratory judgment in a given matter, there must exist a case of actual controversy. By this is meant something more than fear, speculation or concern over a possible challenge to a party, and something more than the mere existence of ordinances and criminal statutes which named party defendants have the power to enforce in the future but have denied any intentions of enforcing. Plaintiff seeks no declaratory judgment regarding the constitutionality of the one statute which has been implemented by the City of Grand Rapids, (C.L.S. 1961, § 600.2938 [M.S.A. 27A.2938] which statute will allow the very relief plaintiff seeks here, namely declaratory judgment), but rather plaintiff asks this Court to find in the very implementation of that statute the creation of a justiciable controversy allowing this Court to usurp the function of the state court, to snatch the matter from that Court and to end the "controversy" by a declaratory judgment that the film is not obscene. Plaintiff, by asserting no challenge to the Michigan Declaratory Judgment Statute, provides this Court no sound legal basis on which it should act in such a fashion. The action in the Michigan State Court was initiated by the City of Grand Rapids on September 29, 1969, prior to plaintiff's filing of this Amended Complaint in which that City was, for the first time, named as a party to this litigation. Plaintiff obviously realizes the need for an actual controversy to exist in order for this Court to entertain jurisdiction as, in the first Complaint brought before the Court, the unconstitutionality of the Highland Park Local Ordinance was asserted. The Amended Complaint, as well, alluded to unconstitutional local ordinances and state criminal statutes in an attempt to establish the existence of an actual controversy thereby allowing jurisdiction of this Court over this action. However, as the affidavits of the defendants indicate, there has never been and there is not presently an intention to enforce any local ordinance or any state criminal statute. Consequently, there is no case of actual controversy existing at the present time; there is only implementation of the state declaratory judgment statute (C.L.S. 1961 § 600.2938). The exist-

ence and enforcement of a constitutional state declaratory judgment statute such as this does not give rise to the type of controversy which will properly allow invocation of the Federal Declaratory Judgment Statutes. It appears that plaintiff seeks merely a judgment in Federal Court regarding the obscenity or nonobscenity of the film; this very relief is available to him through the State of Michigan's Declaratory Judgment Statute which allows, in part, that:

> "Any person, firm or corporation may also bring an action in the circuit court as plaintiff to obtain an adjudication of the lawful propriety of the sale, distribution, possession or acquisition of any item * * *." (C.L.S. 1961, § 600.2938).

The State of Michigan is perfectly competent to apply the federal standards regarding obscenity in this matter. Expression of opinions by public officials, where invited, may not then become the basis to support a position that an actual controversy exists. This Court will not interfere or intervene.

In view of the above, this Court finds itself without jurisdiction to entertain the Complaint or to provide the relief which plaintiff seeks. Therefore, it is ordered that defendants', Dykema, Sonneveldt, Ready, Nash and Delhey, motions to dismiss be and the same are hereby granted. The injunction against enforcement of Section 11 of Highland Park Local Ordinance No. 687 is hereby made permanent.