Damond **SELLERS**, Petitioner/ Defendant,

v.

**UNITED STATES of America,** Respondent/ Plaintiff.

No. Civ. 01–73469.
No.Cr. 92–81058.

United States District Court, E.D. Michigan, Southern Division.

April 29, 2004.

Damond Sellers, Manchester, KY, Pro se.

F. William Soisson, Assistant U.S. Attorney, Detroit, MI, for defendant.

### MEMORANDUM OPINION and ORDER OF DISMISSAL

TAYLOR, District Judge.

Petitioner has timely filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This court has granted Petitioner's requests to amend his § 2255 motion on two occasions. In addition, Petitioner has filed (1) a motion to appoint counsel, (2) a motion seeking discovery, and (3) a motion to stay adjudication of the § 2255 motion pending resolution of his motion for discovery. For the reasons stated below, Petitioner's motions must be DENIED.

### I.

#### Background

Petitioner was one of nearly two dozen defendants involved in a multi-million dollar drug conspiracy in Detroit during the 1980s and 1990s. Upon investigating these activities, the government issued several multi-count indictments over a period of years. On April 18, 1997, the government charged Petitioner in a fourth superseding indictment with conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. After initially pleading not guilty, Petitioner subsequently pled guilty to these charges. Following this court's acceptance of that plea and the accompanying plea agreement he entered pursuant to Rule 11 of the Federal Rules of Criminal Procedure ("Rule 11 plea agreement"), Petitioner was sentenced to 168 months imprisonment. Petitioner timely appealed his conviction and sentence.

On appeal, Petitioner essentially raised an ineffective assistance of counsel claim based on two issues: (1) that his counsel did not object to a two-level enhancement of Petitioner's sentence for gun possession and made requests for downward departure specifically excluded by the Sentencing Guidelines; and, (2) that his counsel neither objected to, nor recognized that the lack of reference to Petitioner's use of a firearm in any count of the indictment precluded the district court's firearm enhancement. *United States v. Sellers,* 9 Fed.Appx. 335, 344, 2001 WL 523524 (6th Cir.2001). The appeals court declined to consider the merits of Petitioner's appeal, suggesting instead that Petitioner pursue a § 2255 motion to develop the record concerning his claims which previously had not been raised in the district court.

In addition to the ineffective assistance claims he had raised in the appeals court, Petitioner's initial § 2255 motion also alleged that (1) the district court lacked jurisdiction because the indictment did not specify any drug amount thus it failed to charge each essential element of the offense; and, (2) he was sentenced pursuant to an unconstitutional statute, 21 U.S.C. § 841(b)(1)(A). Petitioner's first amended § 2255 motion supplemented his original ineffective assistance of counsel claims with allegations that the Rule 11 plea

agreement contained information of which his attorney failed to apprize him and that his attorney failed to withdraw from the plea agreement when Petitioner instructed him to do so. Finally, Petitioner's second amended § 2255 motion asserted that a November 1, 2002 "Amendment 4" to the sentencing guidelines should be applied to his case. This memorandum constitutes the court's findings of fact and law on Petitioner's § 2255 motion, as well as his subsequent motions requesting appointment of counsel and seeking discovery.

## II.

### 28 U.S.C. § 2255 Motion

### A. Jurisdiction

Inasmuch as jurisdiction is a threshold issue, the court begins its analysis with that allegation of Petitioner's § 2255 motion. Petitioner alleges that this court lacked jurisdiction due to a fatally defective indictment. Specifically, Petitioner contends that the indictment did not specify the drug amount with which he was being charged and, therefore, failed to specify each element of the crime. The government summarily contends that this claim is untimely because challenges to an indictment must be made before trial. See, Fed.R.Crim.P. 12(b).

 The court finds both Petitioner's and the government's arguments to be misguided. While Rule 12(b) of the Federal Rules of Criminal Procedure does instruct that defenses and objections based on defects in the indictment must be raised prior to trial, it also provides an exception for objections concerning the indictment's failure to show jurisdiction or to charge an offense, which objections may be heard at

any time during the pendency of the proceedings. Fed.R.Crim.P. 12(b)(2). Petitioner's argument must be rejected as well. The failure of an indictment to allege drug quantity, or some other element of the offense, does not divest the district court of jurisdiction. *U.S. v. Stewart*, 306 F.3d 295, 321 (6th Cir.2002)(quoting *U.S. v. Prentiss*, 256 F.3d 971, 981 (10th Cir.2001)("failure of an indictment to allege an essential element of a crime does not deprive a district court of subject matter jurisdiction; rather, such failure is subject to harmless error review")). The court's authority to adjudicate this matter is found in 18 U.S.C. § 3231.[1] "That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. U.S.*, 164 F.3d 378, 380 (7th Cir.1999).

The court had subject matter jurisdiction to adjudicate the charges filed against Petitioner. Therefore, his request for § 2255 relief on this ground must be denied.

### B. Constitutionality of 21 U.S.C. § 841(b)(1)(A)

Petitioner bases his claim that 21 U.S.C. § 841(b)(1)(A) is unconstitutional solely upon the Ninth Circuit Court of Appeals' ruling in *United States v. Buckland*, 259 F.3d 1157 (9th Cir.2001). The *Buckland* court declared 21 U.S.C. 841(b) unconstitutional because it allows judges, not juries, to enhance an offender's sentence beyond the prescribed statutory maximum based on a preponderance of the evidence, instead of applying the reasonable doubt standard used in criminal cases. 259 F.3d 1157, 1163. The Ninth Circuit later held that 21 U.S.C. § 841 is not facially uncon-

---

1. 18 U.S.C. § 3231 provides, in relevant part, that:

The district courts of the United States shall have original jurisdiction, exclusive of the

courts of the States, of all offenses against the laws of the United States.

stitutional and upheld the twenty-seven (27) year sentence that had been imposed. *United States v. Buckland,* 289 F.3d 558, 562 (9th Cir.2002)(*en banc* ).

■ It is without question that the Ninth Circuit's 2001 *Buckland* decision is not controlling authority in the instant case which is governed by the rulings of the Sixth Circuit Court of Appeals. *See, Little v. U.S.,* 242 F.Supp.2d 478, 481 (E.D.Mich.2003)(Taylor, J.)(noting that a Tenth Circuit Court of Appeals' unpublished decision is not binding upon a federal district court in Michigan, but rather is treated as learned authority); *Grove Press, Inc. v. Blackwell,* 308 F.Supp. 361, 373 (E.D.Mich.1969)(Keith, J.)(finding that a circuit court's opinion only binds the courts within that particular circuit). Additionally, the Sixth Circuit has rejected a similar challenge to the constitutionality of 21 U.S.C. § 841(b). *U.S. v. Talley,* 15 Fed.Appx. 215, 218–19, 2001 WL 814936 (6th Cir.2001)(finding § 841(b) facially constitutional because Congress did not state that only judges could make the necessary findings pursuant to the statute, nor did Congress mandate that those findings be made by a preponderance of evidence); *U.S. v. Kirksey,* 174 F.Supp.2d 611, 618 (E.D.Mich.2001)(Rosen, J.) (citations omitted). Thus, Petitioner's contention that 21 U.S.C. § 841(b)(1)(A) is unconstitutional is wholly without merit and must be denied.

## C. Ineffective Assistance of Counsel

Petitioner's ineffective assistance of counsel claim focuses largely upon the Rule 11 plea agreement he entered. Petitioner contends that he was denied the effective assistance of counsel because (i) counsel failed to inform him that the Rule 11 plea agreement included a charge for possession of a firearm and 50–150 kilograms of cocaine; (ii) counsel failed to advise the court of an error in the presen-

tence investigation report concerning the firearm; and (iii) counsel told Petitioner that he would receive a ten year sentence. Petitioner also alleges that his attorney failed to inform him that the Rule 11 agreement included a waiver of his right to challenge the constitutionality or legality of the sentencing guidelines on appeal. Petitioner argues that but for counsel's promises of a ten year sentence and counsel's failure to inform Petitioner of charges in the presentence investigation report, Petitioner would have pled guilty and stood trial.

■ A guilty plea is open to attack on the ground that counsel did not provide Petitioner with reasonably competent advice. *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Hunter v. United States,* 160 F.3d 1109, 1115 (6th Cir.1998). To obtain reversal of a conviction based on an ineffective assistance of counsel claim, Petitioner must prove that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's deficient performance, he would have been acquitted. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Rule 11 plea agreement at issue was signed by Petitioner and his attorney. Counsel represented Petitioner at all stages of the prosecution. Petitioner's plea agreement contains the following clause relevant here:

> *No other terms.* This agreement incorporates the complete understanding between the parties, and no other promises have been made by the government to the defendant or to the attorney for the defendant. . . .

■ The plea agreement contains an integration clause restricting its terms to those written in the agreement. An inte-

gration clause prevents a criminal defendant who has entered into a plea agreement from prevailing on a claim that the government made oral promises to him not contained in the plea agreement itself. *United States v. Butler,* 297 F.3d 505, 513 n. 8 (6th Cir.2002); *United States v. Hunt,* 205 F.3d 931, 935 (6th Cir.2000); *Peavy v. United States,* 31 F.3d 1341, 1345 (6th Cir.1994). The plea agreement language here is clear: the agreement incorporates the complete understanding between the parties and no other promises have been made.

In addition to the plea agreement itself, this court conducted a plea hearing in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Fed. R.Crim.P. 11(e)(2). This court ensured that Petitioner fully understood the terms of the plea agreement and the consequences of his guilty plea. At the hearing, the government orally detailed the agreement's terms and there were no objections to its accuracy. Petitioner related to the court that the agreement represented the complete understanding of the parties. According to Petitioner's first amended brief in support of his § 2255 motion, the court asked Petitioner if he was satisfied with counsel and whether counsel had fully explained the situation Petitioner faced. Pet'r First Am. Br. at 4 (citing Plea Tr. at 6). Petitioner admits that he responded "Yes," to both inquiries. *Id.* Petitioner also admits that he responded "Yes," when the court further inquired whether he had signed the Rule 11 agreement, and whether the terms of the Rule 11 agreement were what the United States Attorney had described on the record. Pet'r First Am. Br. at 4–5 (citing Plea Tr. at 10–11). The court then found that the agreement represented the complete understanding of the parties and satisfied Rule 11. Fed. R.Crim.P. 11.

■ Petitioner faced a maximum sentence of life imprisonment and a maximum fine of 4 million dollars for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846. Petitioner's counsel negotiated a favorable Rule 11 plea agreement that resulted in Petitioner receiving a sentence of 168 months imprisonment. In light of the overwhelming evidence developing against Petitioner as his co-defendants began to cooperate with the government, the plea agreement clearly represented a compromise on the part of the government. Moreover, although he was only entitled to a two point reduction, Petitioner received a three point reduction for acceptance of responsibility and the government recommended a sentence at the bottom of the applicable 168–210 months range. Where, as here, the agreement represented a compromise between the parties, and Petitioner received a benefit, the plea agreement Petitioner's attorney obtained on his behalf cannot be said to have prejudiced Petitioner or to be so deficient as to constitute evidence of ineffective performance. *See Hunter,* 160 F.3d at 1115.

Furthermore, any allegations that Petitioner's counsel did not inform him of what the Rule 11 agreement said or failed to withdraw from the agreement as Petitioner instructed, simply are self-serving at this point. Petitioner had the opportunity to raise any such concerns with the court at the hearing on the Rule 11 plea agreement and failed to do so. In sum, Petitioner's claims that his counsel rendered ineffective assistance in connection with the plea agreement have no evidentiary support and entirely lack merit. The court hereby finds that Petitioner fails to satisfy the *Strickland* test and his request for § 2255 relief due to ineffective assistance of counsel must be denied.

**D. Amended Sentencing Guidelines**

■ Petitioner avers that "Amendment 4" to the United States Sentencing Guidelines ("U.S.S.G.") applies to him and should result in capping the base level of his offense at 30 as a minor participant in a drug offense. Petitioner appears to refer to Amendment 640, which provides a maximum base level offense of 30 if the defendant received a mitigating role adjustment under U.S.S.G. § 3B1.2. U.S. Sentencing Guidelines Manual § 2D1.1(a)(3); § 3B1.2 (2002); app. C, Amendment 640. Petitioner, however, was not given a mitigating role adjustment, but rather was given a three point reduction only for accepting responsibility and providing timely information to the government concerning his own involvement in the offense. U.S. Sentencing Guidelines Manual § 3E1.1(a); § 3E1.1(b)(1). Furthermore, the determination to decrease a defendant's offense level because of his minor or minimal participation is heavily fact-based. As the Sentencing Commission has indicated, "the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." U.S.S.G. Manual § 3B1.2, cmt. n. 3(C) (2002). Here, Petitioner has provided nothing more than a bare assertion that his offense level should be adjusted. For these reasons, the amendment is inapplicable to Petitioner, hence his motion to correct his sentence based on Amendment 640 to the sentencing guidelines must be denied.

## III.

### Appointment of Counsel

■ Petitioner has no absolute right to be represented by counsel on habeas corpus review. *Wright v. West,* 505 U.S. 277, 293, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (citations omitted); *see also Abdur–Rah-*

*man v. Mich. Dep't of Corrections,* 65 F.3d 489, 492 (6th Cir.1995). "Appointment of counsel in a civil case is . . . a matter within the discretion of the district court. It is a privilege and not a right." *United States ex rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir.1965)(*quoted in Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir.1987)).

■ Some of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case. *McCarthy v. Weinberg,* 753 F.2d 836, 838–39 (10th Cir.1985) (per curiam); *see also, Henry v. City of Detroit Manpower Dep't,* 763 F.2d 757, 760 (6th Cir.) (en banc), *cert. denied,* 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985) (district courts, in considering an application for appointment of counsel, should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit).

■ Here, Petitioner initially submitted a twenty (20) page memorandum in support of his § 2255 motion and has amended his initial request for habeas relief twice without the assistance of counsel. Although not conclusive, these filings indicate that he is fully able to present his case. Moreover, the relevant issues are not so complex that they have precluded the Petitioner from effectively presenting his case. However, even assuming that Petitioner's case was so complex that it did in fact inhibit his ability to present it, the court must make a determination about the viability or frivolity of the Petitioner's claims. As stated above, the integration clause included in the Rule 11 plea agreement render Petitioner's ineffective assistance claims insufficient grounds upon

which to vacate, correct or amend his sentence. Petitioner's arguments concerning the court's jurisdiction, the constitutionality of the statute governing his sentence, and the applicability of an amendment to the sentencing guidelines also are not viable. Under such circumstances, it is within the discretion of the court to deny a petitioner's motion for appointment of counsel.[2] For these reasons, Petitioner's request for appointment of counsel is denied.

## IV.

### Request for Discovery

 A petitioner seeking habeas relief is not entitled to discovery as a matter of course. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir.2001). Pursuant to Rule 6 which accompanies 28 U.S.C. § 2255, it is within the district court's discretion to grant discovery in a habeas case upon a fact specific showing of good cause only. Rule 6, 28 U.S.C. foll. § 2255; *Stanford*, 266 F.3d at 460; *see also, Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997); *Byrd v. Collins*, 209 F.3d 486, 515–16 (6th Cir.2000). Rule 6(a) provides that: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of [her] discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a), 28 U.S.C. foll. § 2255. The burden of demonstrating the materiality of the information requested is on the moving party. *See, Stanford,*

266 F.3d at 460 (citing *Murphy v. Johnson*, 205 F.3d 809, 813–15 (5th Cir.2000)).

The discovery sought by Petitioner would not resolve any factual disputes that could entitle him to relief, even if the facts were found in his favor. As stated previously, Petitioner's claim of ineffective assistance is untenable in light of the Rule 11 plea agreement's integration clause and his failure to inform the court at the plea hearing of any of the factors now raised on this § 2255 motion. Petitioner's other stated grounds for relief similarly lack merit. Petitioner essentially requests permission to embark on "a fishing expedition masquerading as discovery." *Stanford*, 266 F.3d at 460. As such, the court finds that Petitioner's motion requesting discovery must be denied. Consequently, Petitioner's request to stay the adjudication of his § 2255 motion pending the outcome of his motion for discovery is hereby rendered moot.

## V.

### Order of Dismissal

The court having reviewed the file and being otherwise fully advised in the premises; now, therefore,

IT IS ORDERED that Petitioner's Motion to Vacate, Correct and/or Amend Sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel is hereby DENIED WITH PREJUDICE.

---

**2.** "The rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures (Rule 6(a), 28 U.S.C. § 2255), or if an evidentiary hearing is required (Rule 8(c)), but 'these rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the case if the interest of justice so requires.'" Rule 8(c), 28 U.S.C. foll. § 2255; *see also Weygandt v. Look*, 718 F.2d 952 (9th Cir.1983). Here, no evidentiary hearing is required and, as discussed in Part IV., *infra*, discovery is not necessary such that "the interest of justice ... requires" appointment of counsel under the present circumstances.

IT IS ALSO ORDERED that Petitioner's Motion for Discovery is hereby DENIED WITH PREJUDICE. His Motion to Stay adjudication of his 28 U.S.C. § 2255 Motion pending the outcome of his Motion for Discovery is hereby DENIED AS MOOT.

IT IS SO ORDERED.