**Juan VELASQUEZ,**

v.

**UNITED STATES of America.**

**No. CIV. A. 01–073L.**
**No. Cr. 95–025–02L.**

United States District Court,
D. Rhode Island.

Sept. 10, 2001.

Juan Velasquez, Raybrook, NY, Pro se.

Stephanie S. Browne, U.S. Attorney's Office, Providence, RI, for Defendant.

### MEMORANDUM AND ORDER

LAGUEUX, District Judge.

Petitioner, Juan Velasquez, has filed a motion for modification of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow the motion is denied.

*Facts and Travel.*

In 1995, Velasquez and a co-defendant were convicted of several drug and weapons-related offenses, including violations of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 924(c)(1), and 26 U.S.C. §§ 5841, 5861(d) and 5871. On appeal, both defendants' convictions and sentences for violation of 18 U.S.C. § 924(c)(1) (use of a firearm during a drug-trafficking crime) were reversed in light of the Supreme Court's intervening decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133

L.Ed.2d 472 (1995). *United States v. Sepulveda*, 102 F.3d 1313, 1319 (1st Cir. 1996). The convictions and sentences were otherwise affirmed and the matter was remanded to the district court for further proceedings consistent with the Court of Appeals' opinion. *Id.*

On April 21, 1997, Velasquez was resentenced on the remaining counts of conviction. Since Velasquez' conviction for violation of 18 U.S.C. § 924(c)(1) had been overturned on appeal, no sentence was imposed on that count. However, the fact that Velasquez had possessed a firearm in connection with the drug offenses for which he had been convicted was relevant in calculating his offense level on those counts. Specifically, pursuant to U.S.S.G. § 2D1.1(b)(1), defendant's offense level was increased by 2 levels, resulting in a total offense level of 28, and a higher applicable guideline sentencing range than otherwise would have been applicable (87–108 months v. 70–87 months). On each count of conviction, this Court imposed concurrent sentences of 102–months imprisonment.

Thereafter, in August 2000, Velasquez filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion was denied, *inter alia,* for the reason that it was untimely filed. *Velasquez v. United States,* C.A. No. 00–390L (D.R.I.), Memorandum and Order (Oct. 3, 2000)(Lagueux, J.).

On February 9, 2001, Velasquez filed the instant motion for relief under 18 U.S.C. § 3582(c). Although the defendant purportedly sought a reduction of his term of imprisonment to reflect certain retroactive amendments to the Sentencing Guidelines, he argued that his sentence was violative of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Accordingly, because the defendant's

constitutional claims clearly were outside the limited authority to modify sentence conferred by § 3582(c), this Court treated the motion as a petition under 28 U.S.C. § 2255.[1] In turn, because petitioner had previously filed a § 2255 motion, the most recent application was transferred to the United States Court of Appeals for the First Circuit for proceedings in accordance with § 2255's successive-petition certification requirements.

On June 4, 2001, the First Circuit, noting that the motion had been labeled by Velasquez as a motion under 18 U.S.C. § 3582(c), transferred the matter back to this District Court with the instruction that the motion be considered as a motion pursuant to § 3582(c)(2). *Velasquez v. United States,* No. 01–1384 (1st Cir. June 4, 2001).

*Discussion.*

■ Velasquez has not demonstrated that a modification of his sentence is warranted under 18 U.S.C. § 3582(c)(2). In support of his motion, Velasquez relies on two recent amendments to the sentencing guidelines: U.S.S.G. Appendix C, Amendments 591 and 599 (Nov. 1, 2000). However, neither the amendments themselves nor the provisions to which they refer are of any relevance to petitioner's sentence.

Although Velasquez correctly notes that Amendment 591, *inter alia,* made certain changes to the commentary to U.S.S.G. § 2D1.2, neither that guideline provision nor its commentary was applicable to, or was utilized in, the determination of Velasquez' sentence on remand. Thus, Amendment 591 is of no consequence here.

■ Amendment 599 modified Application Note 2 of the Commentary to U.S.S.G. § 2K2.4. As amended, Note 2 restricts the applicability of weapons-related sentencing enhancements in cases in which the defendant has been convicted under 18 U.S.C. § 924(c). However, in the instant matter, Velasquez' conviction for violation of § 924(c) was vacated on appeal and he was resentenced only on the remaining counts of conviction. Accordingly, Amendment 599 is irrelevant to Velasquez' sentence.

■ Despite petitioner's representation to the Court of Appeals that this is a motion to modify sentence under 18 U.S.C. § 3582(c)(2), he continues to argue that the sentence imposed after remand is void because it violates the Double Jeopardy Clause. This claim is unsupported by any applicable authority. His original sentence was 78 months on Redacted Counts 1, 2, 3 and 5, to be served concurrently, plus 120 months, to be served consecutively, on Redacted Count 4 for a total of 198 months (16½ years). After remand, he was sentenced to a total of 102 months, a net decrease of 96 months (8 years). Clearly, the Double Jeopardy Clause has no application when the sentence, after remand, is lower than the original sentence. Petitioner should spend his time counting his blessings rather than making frivolous arguments. Therefore, whether this case is viewed as a § 3582(c)(2) motion or as a

---

1. 18 U.S.C. § 3582(c) provides, in pertinent part:

**Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

\* \* \* \* \* \*

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon the motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

successive § 2255 motion, petitioner is entitled to no modification of the sentence imposed after remand.

*Conclusion.*

For the above reasons, Velasquez' motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) is denied and dismissed. The Clerk shall enter judgment for the United States forthwith.

IT IS SO ORDERED.