**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FEB 7 2002**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Defendant-Appellee,

v.

ORESTES L. ABREU,

    Plaintiff-Appellant.

No. 01-4158
(District of Utah)
(D.C. No. 88-CR-60-S)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1988, Appellant Orestes L. Abreu pleaded guilty to failure to appear before the district court in violation of 18 U.S.C. § 3146(a)(1). Additionally, after a jury trial Abreu was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; distribution of a cocaine mixture in excess of 0.5 kilograms, in violation of 21 U.S.C. § 841; and four counts of the use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). In the years since his convictions, Abreu has filed a direct appeal and sought post-conviction relief pursuant to 28 U.S.C. § 2255. *See United States v. Abreu*, No. 97-4195, 1999 WL 49116 (10th Cir. Feb. 4, 1999) (unpublished disposition); *United States v. Abreu*, 997 F.2d 825 (10th Cir. 1993) (en banc). Ultimately, Abreu's convictions on the four § 924(c)(1) firearms violations were vacated and in July 1997, he was resentenced on the remaining three convictions. At the resentencing, Abreu's base offense level was increased two levels pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines ("U.S.S.G.") because he possessed a firearm during the commission of the drug crimes.

On June 5, 2001, Abreu filed a motion for modification and reduction of sentence. *See* 18 U.S.C. § 3582(c)(2) (providing that a court may modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)"). In his motion,

Abreu argued that Amendment 599 to the Sentencing Guidelines mandated a reduction in his sentence. *See* U.S.S.G. App. C, amend. 599 (Supp. 2001) (amending U.S.S.G. § 2K2.4 effective Nov. 2000). Because Amendment 599 has been given retroactive effect under U.S.S.G. § 1B1.10(c), the district court considered Abreu's arguments. The court, however, concluded that Amendment 599 applies only to sentences imposed for violations of 18 U.S.C. §§ 844(h), 924(c), or 929(a). The court further concluded that Amendment 599 did not affect Abreu's sentence because his § 924(c) convictions had been vacated prior to his resentencing. Consequently, the district court denied Abreu's motion. This appeal followed.

The district court's denial of Abreu's § 3582 motion for reduction of sentence raises a legal question that this court reviews *de novo*. *See United States v. Acosta-Olivas*, 71 F.3d 375, 377 (10th Cir. 1995) (conducting a *de novo* review of the district court's interpretation of the scope and meaning of the Sentencing Guidelines). Amendment 599 provides for changes to the commentary to U.S.S.G. § 2K2.4. Section 2K2.4 applies to sentences imposed for convictions under 18 U.S.C. §§ 844(h), 924(c), or 929(a). It is undisputed that Abreu's § 924(c) convictions were vacated before he was resentenced. Abreu's new sentence was based solely on his violations of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 3146(a)(1). Thus, the three convictions for which Abreu

was resentenced do not implicate 18 U.S.C. §§ 844(h), 924(c), or 929(a). Additionally, U.S.S.G. § 2K2.4 was not used to determine Abreu's guidelines range. The two-level increase to Abreu's base offense level was instead imposed pursuant to U.S.S.G. § 2D1.1.

Our review of Abreu's appellate brief and the applicable law and *de novo* review of the entire appellate record reveals that the district court properly resolved Abreu's § 3582(c)(2) motion. Accordingly, the district court's order denying Abreu's Motion for Modification and Reduction of Sentence is **affirmed** for substantially those reasons stated by the district court in its order dated July 20, 2001. Abreu's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge