**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Curtis BARNES, Defendant–Appellant.**

No. 01–6054.

United States Court of Appeals,
Sixth Circuit.

March 8, 2002.

Before MOORE, COLE, and FARRIS,* Circuit Judges.

### ORDER

Curtis Barnes, a pro se federal prisoner, appeals a district court order denying his 18 U.S.C. § 3582(c)(2) motion to modify his term of imprisonment. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, a jury convicted Barnes of conspiracy to possess and distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 and conspiracy to possess firearms during and in relation to a drug trafficking crime in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(o). He was sentenced to 114 months in prison. This court affirmed his convictions and sentence in *United States v. Barnes*, No. 98–6536, 2000 WL 302787 (6th Cir.2000).

In his instant motion, Barnes argued that his sentence should be reduced pursuant to Sentencing Guidelines Amendment 599, which applies retroactively. The district court determined that Amendment 599 does not apply to Barnes's offenses and thus denied his motion. Barnes has filed a timely appeal and both parties move for miscellaneous relief.

■ Upon review, we conclude that the district court properly denied Barnes's 18 U.S.C. § 3582(c) motion. This court reviews for an abuse of discretion a district court's decision denying a motion to modify sentence. *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir.1997); *United States v. Townsend*, 55 F.3d 168, 170 (5th Cir.1995). Section 3582(c)(2) allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if a reduction would be consistent with the applicable policy statements in the Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Rodriguez–Diaz*, 19 F.3d 1340, 1341 (11th Cir.1994); *Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir.1993). Amendments to the Guidelines which retroactively lower sentencing ranges and which thus permit a defendant to seek relief under § 3582(c) are listed at USSG § 1B1.10.

■ Barnes argues that his sentence should be reduced in accordance with Amendment 599 to the Guidelines. Amendment 599 is given retroactive effect under § 1B1.10, and thus a defendant may seek relief under § 3582(c)(2) pursuant to that amendment. *United States v. Diaz*, 248 F.3d 1065, 1107–08 (11th Cir.2001); *United States v. Aquino*, 242 F.3d 859, 865 (9th Cir.), *cert. denied*, 533 U.S. 963, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001).

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Amendment 599 provides for certain changes to the commentary to USSG § 2K2.4, which impacts the sentence of a defendant who is convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a). However, Barnes was not convicted under any of these statutes. Furthermore, § 2K2.4 was not used to determine Barnes's Guidelines range; rather, the court relied on USSG § 2D1.1(b)(1) in calculating the sentencing range. Consequently, Amendment 599's changes to § 2K2.4 do not affect Barnes's sentence.

Accordingly, we affirm the district court's judgment and deny all pending motions. Rule 34(j)(2)(C), Rules of the Sixth Circuit.