**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David M. RICE, Defendant–Appellant.**

**No. 01–3226.**

United States Court of Appeals, Sixth Circuit.

April 29, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; SIMPSON, District Judge.*

* The Honorable Charles R. Simpson III, United States District Judge for the Western District of Kentucky, sitting by designation.

## ORDER

This pro se federal prisoner appeals a district court judgment denying his motion to modify the term of his imprisonment filed pursuant to 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In January 1997, David Rice pleaded guilty to three counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), one count of possessing with intent to distribute crack cocaine in violation of § 841(a)(1), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Rice to 120 months of imprisonment. Rice did not appeal his conviction or sentence. In 1998, Rice filed a motion to vacate sentence under 28 U.S.C. § 2255, alleging that his counsel rendered ineffective assistance by failing to: 1) object to the district court's utilization of crack cocaine in determining his relevant conduct for sentencing purposes; 2) object to the enhancement of his sentencing range for possessing a firearm; and 3) file a timely appeal. The district court denied Rice's motion as meritless, and this court denied Rice's application for a certificate of appealability.

In his immediate § 3582(c)(2) motion, Rice claimed that his sentence should be reduced by two levels because of a retroactive amendment ("Amendment 9") to the sentencing guidelines which became effective November 1, 2000. The district court denied the motion, and Rice appeals that judgment.

In his timely appeal, Rice reasserts the claim that he set forth in the district court. This court assumes that Rice refers to Amendment 599, which clarifies under what circumstances defendants sentenced for violation of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements. USSG Supp. to App. C (Nov. 1, 2000) at 71.

This court reviews for an abuse of discretion a district court's decision denying a motion to modify sentence. *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997); *United States v. Townsend*, 55 F.3d 168, 170 (5th Cir.1995).

The district court did not abuse its discretion. Rice argues that his sentence should be reduced because of Amendment 599. Section 3582(c)(2) allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Under USSG § 1B1.10, certain listed amendments to the guidelines are to be given retroactive effect, and a defendant may seek a reduction in his sentence because of a retroactive amendment under § 3582(c). Amendment 599 is given retroactive effect under § 1B1.10, and a defendant may seek relief under § 3582(c)(2) pursuant to that amendment. *United States v. Diaz*, 248 F.3d 1065, 1107–08 (11th Cir.2001); *United States v. Aquino*, 242 F.3d 859, 865 (9th Cir.), *cert. denied*, 533 U.S. 963, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001). That amendment provided for certain changes to the commentary for USSG § 2K2.4. Section 2K2.4 impacts the sentence of a defendant who is convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a). However, Rice was not convicted under any of these statutes. Further, § 2K2.4 was not used to determine Rice's sentencing range; rather, the court relied on USSG § 2D1.1(b)(1) in calculating Rice's sentencing range. Consequently, Amendment 599's changes to § 2K2.4 ultimately do not affect Rice's sentence.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Before RYAN, BOGGS, and COLE, Circuit Judges.