# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1366
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Charles Friend, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 10, 2002

Filed: September 16, 2002
_____

Before BOWMAN, LAY, and MURPHY, Circuit Judges.
_____

PER CURIAM.

The District Court[1] convicted Charles Friend of one count of attempting to injure a federal building in violation of 18 U.S.C. §§ 7(3) and 1363 (1994 & Supp.), with the sentence determined pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2B1.3 (1995). Friend was also convicted of two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (1994 & Supp.), with the appropriate sentences determined pursuant to U.S.S.G. § 2K2.1 (1996). Friend

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

appeals his sentence, arguing that Amendment 599 of the Guidelines prohibited enhancement under § 2K2.1(b). Holding that Amendment 599 applies only to 18 U.S.C. § 924(c) (2000 & Supp.) convictions, and not to § 922(g) convictions, we affirm the District Court's sentence.

Had the Sentencing Commission not published Amendment 599, both parties would agree that U.S.S.G. § 2K2.1 governs sentencing for felon-in-possession convictions pursuant to 18 U.S.C. § 922(g), while U.S.S.G. § 2K2.4 governs sentencing for convictions pursuant to 18 U.S.C. § 924(c). The controversy in this case is whether Amendment 599, which states that its purpose is to clarify U.S.S.G. § 2K2.4, actually creates an exception to § 2K2.1 merely by making reference to 18 U.S.C. § 922(g) in its explanation. The first sentence of Amendment 599's stated rationale provides our answer.

Amendment 599, which amends Note 2 of the Application Notes to the Commentary to § 2K2.4, attempts "to clarify under what circumstances defendant's sentence for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapons enhancements . . . for those other offenses." U.S.S.G. Manual, Supp. to App. C at 71 (2001). This language makes clear that Amendment 599 applies only to 18 U.S.C. § 924(c) convictions. See United States v. Diaz, 248 F.3d 1065, 1106-07 (11th Cir. 2001) ("The first sentence of the new application note reinforces what courts have always known–when a defendant is convicted of a § 924(c) violation and an underlying offense, the defendant's possession of a weapon cannot be used to enhance the level of the underlying offense."); Velazquez v. United States, 161 F. Supp. 2d 60, 62 (D.R.I. 2001) (holding Amendment 599 irrelevant because defendant's § 924(c) violation vacated).

Amendment 599 explains that, in order to avoid double-counting, an enhancement that might seem to be appropriate under § 2K2.1(b) could be inappropriate for a sentence under § 2K2.4. The rationale is that the conduct that

triggered the § 2K2.1(b) enhancements is related to the conduct that forms the basis for the 18 U.S.C. § 924(c) conviction. For sentencing purposes, that conduct should not be counted twice. In explaining this principle, Amendment 599 offers an example where the Guidelines do not permit double-counting of conduct involving weapons: "For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under §2K2.1(b)(5) would not apply." U.S.S.G. Manual, Supp. to App. C at 71. An armed robbery conviction would be subject to U.S.S.G. § 2B3.1, which contains enhancements for weapons, so applying § 2K2.1(b)(5) would be double-counting. Defendant now argues that his case is the same as the Amendment 599 example, and, therefore, § 2K2.1(b)(5) enhancements are impermissible.

Defendant's conviction for attempting to injure a federal building, however, is not an underlying offense to his 18 U.S.C. § 922(g) convictions. Friend shot at the federal building on March 5, 1996. His possession-of-firearms violations occurred on February 19 and March 12, 1996. They are wholly separate events from the attempt to injure the federal building. Furthermore, there was no double-counting because the sentence for the § 1363 violation did not provide for a firearm sentencing enhancement.

Because Amendment 599 applies only to 18 U.S.C. § 924(c) convictions and because this case involves no double-counting, we affirm the District Court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-