**Darryl LITTLE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CR. 91–80179.**

United States District Court, E.D. Michigan, Southern Division.

Jan. 23, 2003.

---

Darryl Little, In Pro Per, Federal Correctional Institution, Milan, MI, for plaintiff.

Jennifer Peregord, Assistant U.S. Attorney, Detroit, MI, for defendant.

### MEMORANDUM OPINION AND ORDER of DISMISSAL

ANNA DIGGS TAYLOR, District Judge.

**I.**

Petitioner, Darryl Little ("Little"), has filed a motion pursuant to 18 U.S.C. § 3582(c) requesting that (1) Sentencing Guideline Amendment 599 ("Amendment 599") be applied retroactively and (2) that, in accord with amended § 2K2.4 of the United States Sentencing Guidelines

("USSG"),[1] such application result in a reduction of his sentence from 360 months to 324 months. For the reasons stated below, Petitioner's motion must be DENIED and this matter DISMISSED.

Little was convicted of conspiracy, drug distribution, and weapons charges following trial in 1992. His convictions were affirmed by the Sixth Circuit on direct appeal. *See United States v. Lloyd, et al.,* 10 F.3d 1197 (6th Cir.1993), *cert. denied,* 511 U.S. 1043, 114 S.Ct. 1569, 128 L.Ed.2d 213 (1994). In 1994, Little's sentence was vacated due to a computation error; his sentence upon remand was, on whole, unchanged.

In August of 1996, Little filed a § 2255 motion alleging ineffective assistance of counsel and seeking vacation of his two § 924(c) convictions in light of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). His petition was granted in part with respect to the § 924(c) counts, and both of those convictions (Counts 4 and 7) were ultimately vacated. Subsequently, in January of 1998, Little was resentenced to a term of imprisonment totaling 360 months (a 300 month reduction from his original sentence). The January 1998 sentence was calculated under 21 U.S.C. §§ 846, 845, & 841, and 18 U.S.C. § 922(g). A two-point enhancement was added to his underlying drug offense pursuant to USSG § 2D1.1(b)(1). Little appealed from this resentencing, and his appeal was denied in all respects in an unpublished opinion issued on May 24, 1999.

The first issue raised by the instant motion is whether Amendment 599 can be applied retroactively. The second issue is whether such an application, if possible, could be applied under Little's circumstances. While the first query is answered in the affirmative, the latter is not. Therefore, the retroactive application of Amendment 599 is beyond the reach of the Petitioner.

## II.

Section 3582(c)(2) allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if a reduction would be consistent with the applicable policy statements in the guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Rodriguez–Diaz,* 19 F.3d 1340, 1341 (11th Cir.1994). Amendments to the guidelines which retroactively lower sentencing ranges and which thus permit a defendant to seek relief under § 3582(c) are listed at USSG § 1B1.10. Amendment 599 is one such amendment given retroactive effect under § 1B1.10, and thus a defendant may seek relief under § 3582(c)(2) pursuant to that amendment. *United States v. Diaz,* 248 F.3d 1065, 1107–08 (11th Cir.2001); *United States v. Aquino,* 242 F.3d 859, 865 (9th Cir.), *cert. denied,* 533 U.S. 963, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001).

### The Purpose of Amendment 599

Amendment 599 explains that, in order to avoid double-counting, an enhancement that might seem to be appropriate under § 2K2.1(b) could be inappropriate for a sentence under § 2K2.4. The rationale is that the conduct that triggered the § 2K2.1(b) enhancement is related to the conduct that forms the basis for the 18 U.S.C. § 924(c) conviction. *United States v. Friend,* 303 F.3d 921, 922 (8th Cir.2002). For sentencing purposes, that conduct should not be counted twice. *Id.*

---

1. The Sentencing Commission amended USSG § 2K2.4, effective November 1, 2000. The Commission instructed that the relevant amendment, numbered 599, be applied retroactively.

■ In explaining this principle, Amendment 599 offers an example in which the Guidelines do not permit double-counting of conduct involving weapons: "For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under § 2K2.1(b)(5) would not apply." USSG Manual, Supp. to App. C at 71. An armed robbery conviction would be subject to USSG § 2B3.1, which contains enhancements for weapons, so applying § 2K2.1(b)(5) would be double-counting. *Friend*, 303 F.3d at 922. The use of 18 U.S.C. § 922(g) in the above example may have been a source of confusion in Little's motion; nonetheless, as further illuminated by the brief discussion below, it is clear that Amendment 599 does not apply to § 922(g).

### The Scope and Impact of Amendment 599

■ Amendment 599 provides for certain changes to the commentary to USSG § 2K2.4, which impacts the sentence of a defendant who is convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a). Yet, "Amendment 599 did not materially change the relevant language of § 2K2.4's application note two." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir.2002). Rather, Amendment 599, which amends Note 2 of the Application Notes to the Commentary to § 2K2.4, attempts "to clarify under what circumstances [a] defendant's sentence for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapons enhancements ... for those other offenses." USSG Manual, Supp. to App. C at 71 (2001); *see also Friend*, 303 F.3d at 922. This language makes clear that Amendment 599 applies *only* to sentences imposed for violations of 18 U.S.C. §§ 844(h), 924(c), or 929(a). *See United States v. Diaz*, 248 F.3d 1065, 1106–07 (11th Cir.

2001) ("The first sentence of the new application note reinforces what courts have always known—when a defendant is convicted of a § 924(c) violation and an underlying offense, the defendant's possession of a weapon cannot be used to enhance the level of the underlying offense."); *Velasquez v. United States*, 161 F.Supp.2d 60, 62 (D.R.I.2001) (holding Amendment 599 irrelevant because defendant's § 924(c) violation vacated).

### Application of Amendment 599 to the Present Circumstances

■ Although the Tenth Circuit Court of Appeals' decision in *United States v. Abreu*, 33 Fed. Appx. 399, 400 (10th Cir. 2002) (unpublished disposition), is not binding on this court, its reasoning is treated as learned authority. In *Abreu*, the defendant's § 924(c) convictions were vacated before he was resentenced. 33 Fed. Appx. at 400. His new sentence was based solely on his violations of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 3146(a)(1). Thus, the three convictions for which the defendant was resentenced did not implicate 18 U.S.C. §§ 844(h), 924(c), or 929(a). Additionally, USSG § 2K2.4 was not used to determine his sentencing range. Rather, the two-level increase to the defendant's base offense level was imposed pursuant to USSG § 2D1.1; *Id.* at 4.

In the present case, both of Little's § 924(c) convictions have been vacated. Furthermore, his resentencing was calculated under 21 U.S.C. §§ 846, 845, & 841, and 18 U.S.C. § 922(g). It is clear that Amendment 599 does not apply to convictions obtained under 18 U.S.C. § 922(g), 21 U.S.C. §§ 841, 846, or 845. Moreover, as in *Abreu*, USSG § 2K2.4 is not implicated. Instead, a two-point enhancement was added to the underlying drug offense pursuant to USSG § 2D1.1(b)(1). According-

ly, the Petitioner's Motion to modify his sentence under 18 U.S.C. § 3582 must be DENIED and this matter is DISMISSED.

For the foregoing reasons,

IT IS ORDERED that the Petitioner's Motion to modify his sentence under 18 U.S.C. § 3582 be DENIED and this matter is DISMISSED.

IT IS SO ORDERED.