**Darryl LITTLE, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 03–1188.

United States Court of Appeals,
Sixth Circuit.

Sept. 23, 2003.

Darryl Little, Pro se, Milan, MI, for
Petitioner–Appellant.

Jennifer J. Peregord, U.S. Attorney's
Office, Detroit, MI, for Respondent–Appellee.

Before SUHRHEINRICH, COLE, and
ROGERS, Circuit Judges.

*ORDER*

Darryl Little appeals pro se from a district court judgment that denied a motion to modify his sentence under 18 U.S.C. § 3582(c)(2). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1992, Little was convicted of several drug and firearm offenses, violations of 18 U.S.C. §§ 2, 922(g) and 924(c), as well as 21 U.S.C. §§ 841, 845 and 846. He was sentenced to a total of fifty-five years of imprisonment, and his convictions were affirmed on direct appeal.

Little then moved to vacate his sentence under 28 U.S.C. § 2255, alleging that his firearm convictions under 18 U.S.C. § 924(c) had violated *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The district court granted that motion in 1998, and resentenced him to thirty years of imprisonment. In so ruling, the court added two levels to his offense level for possessing a firearm during an underlying drug offense. *See* USSG § 2D1.1(b)(1). Little's new sentence was affirmed.

In his current motion, Little alleged that his offense level should be revised under Amendment 599 to the sentencing guidelines. The district court denied this motion on January 27, 2003, because that amendment is not applicable to any of the remaining offenses for which Little was resentenced in 1998. It is from this judgment that Little now appeals.

The district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(2), if a defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o* )." We review the denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Ursery,* 109 F.3d 1129, 1137 (6th Cir.1997).

Amendment 599 provides for changes to the commentary to USSG § 2K2.4. As amended, application note 2 to § 2K2.4 now provides as follows:

If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.... Do not apply any

weapon enhancement in the guideline for the underlying offense, . . .

USSG § 2K2.4, comment. (n.2).

Little now primarily argues that Amendment 599 applies to his case by virtue of his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g). However, the amended commentary is of no help to Little because § 2K2.4 only applies to sentences that were imposed for convictions under 18 U.S.C. §§ 844(h), 924(c), or 929(a). *See* USSG § 2K2.4(a); *United States v. Friend,* 303 F.3d 921, 922 (8th Cir.2002).

Little's § 924(c) convictions were vacated before he was resentenced. Thus, his offense level was not increased under § 2K2.4 at resentencing and that section was not used to determine his new guidelines range. Instead, the sentencing court increased Little's offense level under § 2D1.1(b)(1), because a firearm was possessed during his drug crimes. Therefore, Little's § 3582(c)(2) motion was properly denied because Amendment 599 did not apply to his new sentence. *See United States v. Rice,* 38 Fed.Appx. 267, 268 (6th Cir.2002) (unpublished); *United States v. Barnes,* 33 Fed.Appx. 733, 734 (6th Cir. 2002) (unpublished).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.