**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ERIC WILLIAM BLY,

      Defendant - Appellant.

No. 13-6019
(D.C. No. 5:96-CR-00108-C-2)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

A district court generally has no authority to modify a term of imprisonment after it has been imposed. 18 U.S.C. § 3582(c). But this general rule isn't without exceptions. Relevant for our purposes here, a district court may reduce a term of imprisonment if the defendant's sentence was based on a sentencing range later lowered by an amendment to the guidelines and the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reduction is otherwise consistent with the guidelines' policy statements. *See id.* § 3582(c)(2); *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010).

Eric Bly argues that he is entitled to relief under this standard. But the district court disagreed and so must we, if for a slightly different reason. Mr. Bly bases his eligibility for a sentencing reduction on Amendment 599 to the sentencing guidelines issued by the United States Sentencing Commission. *See* U.S.S.G. app. C, vol. II, amend. 599, at 69. By its terms, however, Amendment 599 purports to amend only § 2K2.4 of the sentencing guidelines and that provision, in turn, applies only to convictions arising under 18 U.S.C. §§ 844(h), 924(c), or 929(a). *See* U.S.S.G. § 2K2.4. The problem for Mr. Bly is that he was not convicted of any offense under those provisions and so is not eligible for any relief Amendment 599 might have to offer.

Mr. Bly is right to point out that § 2K2.4 addresses certain firearms offenses and he himself does have a firearm conviction under § 922(g)(1). But by its terms § 2K2.4 does not apply to all firearm offenses, only those arising under §§ 844(h), 924(c), or 929(a). Because § 2K2.4 doesn't apply to his convictions, neither can Amendment 599, and Mr. Bly is ineligible for relief. *See United States v. Friend*, 303 F.3d 921, 922 (8th Cir. 2002) (holding "Amendment 599 applies only to 18 U.S.C. § 924(c) . . . convictions, and not to § 922(g) convictions"); *United States v. Abreu*, 33 F. App'x 399, 401 (10th Cir. 2002)

(unpublished) (holding Amendment 599 inapplicable because defendant's three convictions did not implicate 18 U.S.C. §§ 844(h), 924(c), or 929(a)).

We grant Mr. Bly's motion to proceed *in forma pauperis* and affirm the judgment of the district court.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge